AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**TAJ MALIK TAYLOR**<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  8:25-mj-2484-LSG<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 6, 2025__ in the ~~county of~~ __U.S. special aircraft jurs.__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46507(1) | False information and threats |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Shawn N. Crane
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 07/06/2025

_____
*Judge's signature*

City and state: Tampa, Florida

Lindsay S. Griffin- U.S. Magistrate Judge
*Printed name and title*

## CRIMINAL COMPLAINT AFFIDAVIT

I, Shawn N. Crane being duly sworn, hereby declare as follows:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation (FBI) and have been so employed since August 2017. I am currently assigned to the Tampa, Florida Division of the FBI, where I conduct a variety of investigations, including those that occur in special jurisdictions, such as on an airplane. Prior to this assignment, I was employed as an Assistant State Attorney with the Sixth Judicial Circuit of Florida. I have received law enforcement training from the FBI Academy at Quantico, Virginia. I received my juris doctor degree from Stetson University, College of Law and a bachelor's degree in English and History from Wabash College. As a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts.

2. The information set forth herein is provided solely for the purpose of establishing probable cause in support of a criminal complaint charging Taj Malik TAYLOR ("TAYLOR") with false information and threats, in violation of 49 U.S.C. § 46507(1). Because this Affidavit is submitted for the limited purpose of establishing probable cause for the criminal complaint, it does not include all the details of the investigation of which I am aware.

3. This affidavit is made in support of a criminal complaint against TAYLOR, that is, traveling on or about July 6, 2025, within the special aircraft jurisdiction of the United States and the Middle District of Florida, TAYLOR,

knowing the information to be false, willfully and maliciously and with reckless disregard for the safety of human life, gave, under circumstances in which the information reasonably may have been believed, false information about an alleged attempt being made to do an act that would violate 49 U.S.C. § 46505(b)(3), specifically, possession on or about the defendant's person of an explosive device, in violation of 49 U.S.C. § 46507(1).

4. The statements contained in this Affidavit are based in part upon the investigation that I have personally conducted, upon information provided to me by other law enforcement officers and civilians, and in my experience and background as a Special Agent with the FBI.

5. Based upon information received from the Pinellas County Sheriff's Office, I began an investigation into allegations that TAYLOR, a passenger on Allegiant Air Flight #1023, made statements regarding a bomb onboard the plane while the flight was en route from the Saint Pete Clearwater International Airport in Florida to the Roanoke-Blacksburg Regional Airport in Virginia. Based on my interview of TAYLOR, and airplane passengers next to and surrounding TAYLOR, I learned the following:

6. On July 6, 2025, TAYLOR boarded Allegiant Air Flight #1023, which was scheduled to fly from the Saint Pete Clearwater International Airport in Florida to the Roanoke-Blacksburg Regional Airport in Virginia. TAYLOR sat in seat 32 F, which is in the last row of the aircraft in the seat furthest from the aisle. He began speaking with Witness One who sat directly to his left in seat 32 E.

7.  After the aircraft left the Saint Pete Clearwater International Airport and began ascending, TAYLOR told Witness One that the laptop in his possession, and visible to Witness One, was a bomb. Specially Witness One recalls TAYLOR stating, "my laptop is a bomb." Other passengers also heard TAYLOR make this statement. Witness One alerted flight staff that TAYLOR stated he had a bomb. Witness One grabbed TAYLOR's laptop which eventually ended up with flight staff (flight staff later returned the laptop to TAYLOR). Eventually Witness One was moved by flight staff to a different seat. Witness One was later interviewed by law enforcement and stated that she had been drinking.

8.  The passenger seated to the left of Witness One in seat 32 D (Witness Two) heard Witness One state "What do you mean you have a bomb?" Witness Two also heard TAYLOR state "this is a bomb." TAYLOR was holding out a black rectangular object (later determined to be his laptop in a black case) while making the statement.

9.  Two passengers seated directly in front of TAYLOR in seats 31 E and 31 F also heard TAYLOR speaking to Witness One. They heard TAYLOR state "I have a bomb" two times. They saw Witness One take a black covered laptop from TAYLOR.

10. The two passengers in the next row up in seats 30 D and 30 F heard TAYLOR say "I have a bomb" at least two times. They also heard Witness One say "Why would you say that" to which TAYLOR responded, "this is a bomb."

11. After the altercation, it was determined that the aircraft would reroute

5

and return to the Saint Pete Clearwater International Airport. There were 177 passengers and 6 crew members onboard the aircraft. The aircraft was in the air less than an hour before returning to Saint Pete Clearwater International Airport.

12. On that same day, the Pinellas County Sheriff's Office and I interviewed TAYLOR. He was read his *Miranda* rights and agreed to speak with law enforcement. TAYLOR did not admit to making the bomb threats but stated that Witness One was rude to him. TAYLOR stated that he was recently released from a mental health facility. He stated that he took his medication last night and that he was currently suffering from a lack of clarity. He further stated that he has more clarity when he takes his medication.

13. Based on the foregoing facts, I have probable cause to believe that, on or about July 6, 2025 in the special aircraft jurisdiction of the United States and the Middle District of Florida, TAYLOR, knowing the information to be false, willfully and maliciously and with reckless disregard for the safety of human life, gave, under circumstances in which the information reasonably may have been believed, false information about an alleged attempt being made to do an act that would violate 49 U.S.C. § 46505(b)(3), specifically possession on or about the defendant's person of an explosive device in violation of 49 U.S.C, § 46507(1).

_____
Shawn N. Crane
Special Agent Federal Bureau of Investigation

Sworn and subscribed to me via telephonic means on this 7th day of July, 2025 in Tampa, Florida.

_____
LINDSAY S. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

5